# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SCIOTO PROPERTIES SP-16 LLC and REMED RECOVERY CARE CENTERS LLC, <br><br> Plaintiffs, <br><br> vs. <br><br> TOWNSHIP OF SHALER, ZONING HEARING BOARD OF THE TOWNSHIP OF SHALER, <br><br> Defendants, <br><br> and <br><br> PATRICK MURRAY, ALLISON MURRAY, ROBERT NEELY and MARCO BONATI, <br><br> Intervenor Defendants. | 2:18-cv-01448-RJC <br><br> Judge Robert J. Colville |

## **MEMORANDUM OPINION**

Robert J. Colville, United States District Court Judge.

Before the Court is the Motion for Dismissal of Action (ECF No. 38) filed by Plaintiffs Scioto Properties SP-16 LLC and ReMed Recovery Care Centers LLC. Plaintiffs request that this Court dismiss this action with prejudice pursuant Fed. R. Civ. P. 41(a)(2).

### I.     **Procedural Background**

Plaintiffs initiated this action by filing a Complaint (ECF No. 1) on October 29, 2018 asserting federal disabilities law and constitutional claims against Defendants Township of Shaler and Zoning Hearing Board of the Township of Shaler. These claims arose from Defendants' denial of an application for a use permit which would have allowed Plaintiffs to operate a group home

1

for eight individuals with disabilities and associated staff on property located in the Township of Shaler.  Intervenor Defendants Patrick Murray, Allison Murray, Robert Neely, and Marco Bonati oppose the relief requested in Plaintiffs' Complaint, and were permitted by Court Order (ECF No. 19) to intervene in this matter on January 8, 2019.  Intervenor Defendants are property owners who live on properties that adjoin the property at issue in Plaintiffs' Complaint.  Mot. To Intervene ¶ 1, ECF No. 5.  Intervenor Defendants have not asserted a claim or counterclaim against any party to this action.  Plaintiffs and Defendants reached a settlement agreement with respect to all claims in this matter through the Court's Alternative Dispute Resolution program on May 14, 2019.[1]  Report of Neutral, ECF No. 32.  Intervenor Defendants have not agreed to settlement in this matter.  Pls.' Mot. for Dismissal of Action ¶ 6.

Plaintiffs filed their Motion to Dismiss on September 9, 2019.  Defendants do not oppose Plaintiffs' Motion to Dismiss.  Intervenor Defendants filed a Response (ECF No. 40) to Plaintiffs' Motion on November 20, 2019.  In their Response, Intervenor Defendants do not, in any material way, oppose dismissal of this matter, but request that any such dismissal be conditioned upon Plaintiffs' payment of attorneys' fees and costs incurred by Intervenor Defendants in this dispute.  On December 2, 2019, both Plaintiffs and Defendants filed separate Replies (ECF Nos. 41 and 42) in opposition to Intervenor Defendants' Response.  This matter is now ripe.

**II.     Legal Standard**

Pursuant to Fed. R. Civ. P. 41(a)(1), a case may be voluntarily dismissed by a plaintiff without an order of court if a notice of dismissal is filed before the moving party serves an answer or motion for summary judgment, or in the event that a stipulation of dismissal is signed by all

---

[1] "Pursuant to the terms of the Settlement, Defendant Township of Shaler will issue Plaintiffs a use permit to occupy and use its property as a group home for not more than six (6) unrelated individuals with disabilities, along with associated staff support."  Pls.' Mot. for Dismissal of Action ¶ 6.

2

parties who have appeared. With respect to all other circumstances, Federal Rule of Civil Procedure 42(a)(2) provides:

> [A]n action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed. R. Civ. P. 41(a)(2).

"Whether to grant or deny a motion for voluntary dismissal under Rule 41(a)(2) falls within the sound discretion of the district court." *Maxim Crane Works, LP v. Smith Transportation Servs., Inc.*, No. CV 15-597, 2016 WL 3958739, at *2 (W.D. Pa. July 22, 2016) (citing *Protocomm Corp. v. Novell, Inc.*, 171 F. Supp. 2d 459, 470-71 (E.D. Pa. 2001)). The court has discretion in such matters primarily to prevent voluntary dismissals that unfairly affect the opposition, and to allow for the imposition of curative conditions. *Maxim Crane*, at *2 (quoting Charles A. Wright & Arthur R. Miller, *9 FED. PRAC. & PROC. CIV.* § 2364 nn.18-19 (3d ed. 2016)). The primary concern of the court is the existence and extent of any prejudice to the defendant. *Maxim Crane*, at *2. This analysis is impacted by whether a plaintiff seeks dismissal with prejudice or without prejudice. *Id*.

"A court may, and often will, condition a voluntary dismissal without prejudice upon payment of defendant's attorneys' fees and costs." *Maxim Crane*, at *2 (citing *Pittsburgh Jaycees v. United States Jaycees*, 89 F.R.D. 454, 455 (W.D. Pa. 1981); 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2366 nn.13-14 (3d ed.)). If dismissal without prejudice is requested, a district court must consider factors such as:

> (1) [T]he excessive and duplicative expense of a second litigation; (2) the effort and expense incurred by the defendant in preparing for trial; (3) the extent to which the current suit has progressed; (4) the plaintiff's diligence in bringing the motion to

3

dismiss and explanation thereof; and (5) the pendency of a dispositive motion by the nonmoving party in deciding the motion.

*Id.* (citations omitted). Where dismissal is requested with prejudice, however, courts typically do not attach conditions, such as an award of attorneys' fees and costs, to dismissal. *Maxim Crane*, at *3. Further, some courts award fees and costs only if a party establishes exceptional circumstances, such as an abuse of judicial process or bad faith on plaintiff's part. *Id.* (citing *In re Asbestos Products Liab. Litig. (No. VI)*, No. 09-mc-103, 2010 WL 2034636, at *9 (E.D. Pa. May 14, 2010)).

With respect to the reasoning behind this distinction, the Second Circuit Court of Appeals has explained:

> The reason for denying a fee award upon dismissal of claims with prejudice is simply that the defendant, unlike a defendant against whom a claim has been dismissed without prejudice, has been freed of the risk of relitigation of the issues just as if the case had been adjudicated in his favor after a trial, in which event (absent statutory authorization) the American Rule would preclude such an award.

*Colombrito v. Kelly*, 764 F.2d 122, 134 (2d Cir. 1985). *See also Maxim Crane*, at *3 ("An award of fees compensates a defendant for having incurred the expense of trial preparation without the benefit of a final determination of the controversy; that consideration, however, is not present where the dismissal is with prejudice.").

### III. Discussion

In requesting an award of attorneys' fees and costs, Intervenor Defendants rely on the language in Rule 42(a)(2) that provides that an action may be dismissed "on terms that the court considers proper." Intervenor Defendants aver that the settlement agreement between Plaintiffs and Defendants does not address any of the concerns expressed in Intervenor Defendants' Motion

4

to Intervene regarding the effect that the proposed group home will have on their properties.[2] Intervenor Defendants do not advance argument as to why the action should not be dismissed. Rather, they opine that it is unfair that they were required to join the present action in order ensure that their interests in opposing the issuance of a use permit were properly represented, and that they will now have to take future action once the use permit provided for by the settlement agreement is issued. Intervenor Defendants assert that, due to the necessity of future litigation, Intervenor Defendants' costs in the present action should be borne by the parties who seek dismissal of the current action.

Both Plaintiffs and Defendants aver that any award of fees under these circumstances would provide a chilling effect on future parties' willingness to engage in sincere settlement discussions during participation in future Alternative Dispute Resolution proceedings. Plaintiffs further assert that Intervenor Defendants have not set forth or established exceptional circumstances such as bad faith or abuse of process on Plaintiffs' part, and that an award of fees and costs is, thus, simply not warranted in this matter because Plaintiffs seek dismissal with prejudice. Defendants argue that, while Intervenor Defendants have an interest in the zoning action through which Defendants denied Plaintiffs' application for a permit, they have filed no claims related to the federal disabilities law and constitutional claims at issue in this federal action. Both Defendants and Plaintiffs assert that Intervenor Defendants maintain their right to challenge, by way of appeal pursuant to state land use law, the agreed-upon use permit when it is issued to Plaintiffs by Defendants. Defendants further argue that a final decision by this Court on Plaintiffs' federal claims, which do not involve an appeal of a zoning decision, will not necessarily obviate the need for future action before the zoning hearing board. Defendants also note that Intervenor

---

[2] Specifically, traffic safety, decreased property values, security issues with staff and potential residents, and noise/light pollution. Intervenor Defs.' Br. in Supp. of Mot. to Intervene 7, ECF No. 6.

Defendants voluntarily intervened in this action, and that neither Plaintiffs nor Defendants caused Intervenor Defendants to incur unnecessary expenses by opposing Intervenor Defendants' intervention.

Plaintiffs seek dismissal of this matter with prejudice. Intervenor Defendants do not set forth assertions of any bad faith conduct or abuse of process on the part of any party to this action, nor is there any indication on the docket of such conduct. It is particularly noteworthy that Intervenor Defendants voluntarily chose to participate in this action, and that the claims at issue do not involve an appeal of the zoning decision, which would have necessarily implicated Intervenor Defendants' interests, but rather federal disabilities law and constitutional claims with regard to the policies, practices, and conduct of Defendants. Intervenor Defendants do not oppose the dismissal of this action, and have not set forth any valid reason for this Court to award fees or costs. In light of the above, the Court finds that Intervenor Defendants have not set forth sufficient prejudice to warrant an award of attorneys' fees or costs, and the Court will not award fees or costs to Intervenor Defendants. Accordingly, the Court will grant Plaintiffs' Motion for Dismissal of Action (ECF No. 38), and this matter shall be dismissed with prejudice without any conditions.

An appropriate Order of Court will follow.

BY THE COURT:

s/*Robert J. Colville*_____
Robert J. Colville
United States District Court Judge

DATED: February 21, 2020

cc/ecf: All counsel of record